IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Steven Pendergrass, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv358 (LMB/TCB) |
| | ) | |
| Warden Barksdale, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

Steven Pendergrass, a Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of

possession of a firearm by a convicted felon in the Circuit Court of the City of Norfolk.  On May

28, 2014, respondent filed a Rule 5 Answer and Motion to Dismiss with a supporting brief and

exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975) and Local Rule 7K.  Petitioner submitted a reply brief on June 12, 2014, and

complete state court records were received on July 23, 2014.  Accordingly, the matter is now ripe

for disposition. After careful consideration, respondent's Motion to Dismiss will be granted, and

the petition will be dismissed with prejudice.

**I. Background**

Following a jury trial, petitioner was convicted of possession of a firearm by a convicted

felon and sentenced to five years imprisonment.  Case No. CR11001762-01. The facts underlying

the conviction were described by the Court of Appeals of Virginia as follow:

> [O]n the evening of November 27, 2010, Officer Chad Beale
> responded to a call regarding a man with a gun.  Beale arrived at the

1

scene within minutes of receiving the call.  There, he observed three men on the street, one of whom matched the description the officer received from his dispatcher.  Beale parked his vehicle in front of the men and approached as the men began to walk away. Beale asked to speak with appellant.  Appellant turned and Beale saw him withdraw a black handgun from the waistband of his pants and throw the weapon into a bush in front of him.  Beale stood approximately ten to fifteen feet from appellant.  Beale ordered appellant and the other two men to the ground and waited for backup officers to arrive.  After other officers arrived, Beale located the weapon in the bush and secured it.

Pendergrass v. Commonwealth, R. No. 0418-12-1 (Va. Ct. App. Sep. 13, 2012); Resp. Ex. 1.  On direct appeal, petitioner raised the sole claim that the evidence was insufficient to sustain the conviction, and the petition for appeal was denied on September 13, 2012. Id.  The Supreme Court of Virginia refused a petition for further review on March 25, 2013.  Pendergrass v. Commonwealth, R. No. 121745 (Va. Mar. 25, 2013); Resp. Ex. 4.

On September 4, 2013, petitioner filed an application for a state writ of habeas corpus in the trial court, raising the following claims:

A.   The evidence was insufficient to show that he constructively possessed the firearm.

B.   His right to due process was violated where:

(1) He was denied a copy of his trial transcript;

(2) He was denied a fair trial;

(3) The charge was unlawfully amended;

(4) A 911 tape was admitted improperly; and

(5) The judge was guilty of misconduct.

C.   (1)  He did not receive Miranda warnings.

        (2)  His rights under the Confrontation Clause were violated when the 911 recording was admitted at trial.

        (3) The evidence was insufficient.

D.    (1)  He was denied a fair trial.

        (2)  He received ineffective assistance of counsel where his attorney failed to"raise pertinent issues at trial."

By Order dated September 26, 2013, the trial court found that claims A, B, C and D(1) could have been raised at trial or on direct appeal, and hence were barred from habeas corpus review by Slayton v. Parrigan, 217 Va. 27, 205 S.E.2d 680 (1974).   Case No. CL13-6712;  Resp. Ex. 6.  The court also determined that claim D(2) should be dismissed on the merits because petitioner had not shown that his attorney was ineffective under the criteria set forth in Strickland v. Washington, 466 U.S. 668 (1986).  Id. at 2.   When petitioner attempted to appeal the trial court's decision to the Supreme Court of Virginia, his application for review was dismissed pursuant to Rule 5:17(a)(1) on the holding that "appellant failed to timely file the petition for appeal."  Pendergrass v. Barksdale, R. No. 140049 (Va. Feb. 24. 2014);  Resp. Ex. 8.

Petitioner timely filed the instant application for § 2254 relief on March 20, 2014.[1] Petitioner reiterates the arguments he raised in his state habeas application, with the exception that he adds three subclaims to his argument that counsel provided ineffective assistance, specifically by failing to object to admission of the 911 tape,  have the gun tested for DNA and fingerprints, and provide petitioner with a copy of the trial transcript.  As noted above,

---

[1]For federal purposes, a pleading submitted by an incarcerated litigant generally is deemed filed when the pleading is delivered to prison officials for mailing.  Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Pet. at 15.

respondent has filed a Rule 5 Answer and a Motion to Dismiss, along with a supporting brief and exhibits, and petitioner has filed a reply with additional exhibits.  Accordingly, the matter is now ripe for disposition.

## II. Exhaustion and Procedural Bar

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court.  See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973).  To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition.  See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).  In addition, in order to preserve the right to federal collateral review, a petitioner must have fairly presented to the state courts a claim that his federal rights were violated.  Id. at 365.

Here, all of petitioner's claims were presented to the Supreme Court of Virginia with the exception of the three subclaims of ineffective assistance of counsel he raises for the first time in this federal proceeding. As to those arguments - that counsel  failed to object to admission of the 911 tape,  have the gun tested for DNA and fingerprints, and provide petitioner with a copy of the trial transcript - "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288

4

(4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)).  Importantly, "the

procedural bar that gives rise to exhaustion provides an independent and adequate state-law

ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted

claim." Id. (quoting Gray, 518 U.S. at 162).  Here, petitioner's unexhausted claims are incapable

of exhaustion, because were they now to be presented to the state courts they would be dismissed

as both untimely, Va. Code § 8.01-654(A)(2), and successive, Va. Code § 8.01-654(B)(2).

Therefore, the three subclaims of ineffective assistance that were raised initially in this action are

simultaneously exhausted and defaulted for purposes of federal habeas review.  See Bassette v.

Thompson, 915 F.2d 932 (4th Cir. 1990).

In addition, claims B, C and D(1) are defaulted for two reasons. First, when petitioner

raised these arguments in his state habeas application, the trial court found they were not

cognizable pursuant to Slayton v. Parrigan, supra.  A state court's finding of procedural default is

entitled to a presumption of correctness, provided two foundational requirements are met.  See 28

U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988).  First, the state court

must explicitly rely on the procedural ground to deny petitioner relief.  See Ylst v. Nunnemaker,

501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989).  Second, the state

procedural rule used to default petitioner's claim must be an independent and adequate state

ground for denying relief.  See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24

(1991).  The Fourth Circuit has held consistently that "the procedural default rule set forth in

Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v.

Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997).  Therefore, claims B, C and D(1) likewise are

procedurally defaulted in this federal proceeding.

In addition, when petitioner attempted to appeal the trial court's denial of his state habeas application to the Supreme Court of Virginia, the appeal was dismissed as untimely pursuant to Rule 5:17(a)(1). Resp. Ex. 8. Because the reason for dismissing Pendergrass' habeas appeal was a clearly-stated adequate and independent state ground, federal review of the claims raised in that appeal is foreclosed. See Spencer v. Murray, 5 F.3d 758, 761 (4th Cir. 1993), cert. denied, 510 U.S. 1171 (1994), and cases cited. That default applies to claims B, .C and D of this federal petition.

Federal courts may not review procedurally barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his Reply Brief/Motion Not Dismiss, petitioner argues that his procedural default of claims B, C and D should be excused because it resulted from ineffective assistance of counsel, he did not have a copy of his trial transcript, and he was "transferred back and forth between the Department of Corrections and the Virginia Beach City Jail" just before his state habeas appeal was due. Dkt. 13 at 2. None of these circumstances, either alone or in concert, is sufficient to satisfy the cause and prejudice requirement.

As a general rule, a claim of ineffective representation that has not itself been presented to and exhausted in the state courts cannot serve as cause for the procedural default of additional claims. See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); Justus v. Murray, 897 F.2d 709 (4th Cir. 1990). In addition, in Coleman, 501 U.S. at 754-55, it was established that "an attorney's ignorance or inadvertence in a post conviction proceeding does not qualify as cause to excuse a procedural default." A narrow exception to that rule subsequently was announced in Martinez v. Ryan, 566 U.S. 1, 132 S.Ct. 1309, 1315 (2012), where the Court held that "inadequate assistance of counsel [or no counsel] at initial review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." The Court defined "initial review proceedings" as the "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." Id. In Virginia, absent circumstances not present here, a claim of ineffective assistance is appropriately raised in a timely petition for habeas corpus relief. Johnson v. Commonwealth, 259 Va. 675, 529 S.E.2d 769, 780-81 (2000). Here, Pendergrass received that review without impediment. Instead, the default occurred in the ensuing appeal to the Supreme Court of Virginia, when he failed to notice his appeal of the denial of his habeas corpus application in a timely fashion. Thus, the situation here is controlled by Coleman rather than Martinez, and petitioner's allegation of ineffective assistance does not overcome the procedural default of his present claims.

Petitioner's argument that the procedural default should be excused because he delayed filing his notice of appeal because he was waiting to receive a copy of his trial transcript fares no better. It is apparent from the record references contained in the briefs filed before the Court of Appeals and the Virginia Supreme Court that petitioner's counsel had a copy of the transcript.

Resp. Ex. B.  Under such circumstances, unless a particularized need is demonstrated, an indigent defendant is not entitled to be provided with a second transcript copy.  See Jones v. Superintendent, 460 F.2d 150, 152-53 (4th Cir. 1972 ) ("The respondent contends that ... the state may constitutionally decline to furnish an indigent with a transcript until a need for it is shown, even though the transcript is already in existence. We agree.").  In this case, there is no indication that petitioner made the requisite showing of need to warrant a copy of the transcript; to the contrary, it is apparent that he could not do so. Petitioner already had presented his claims for habeas corpus relief to the trial court, and only those same claims could be presented on appeal. Petitioner cannot explain how he could have been aware of the nature of his claims in the proceeding before the trial court, and yet have been unable to file a timely notice of appeal before the appellate court without access to a trial transcript.  Similarly, Petitioner's reference to being "transferred back and forth" between institutions falls short of excusing his procedural default, as he fails to explain the manner in which that circumstance prevented him from timely noticing an appeal of the trial court's denial of his habeas application.

In sum, petitioner has failed to demonstrate cause for the procedural default of his claims before the Supreme Court of Virginia.  Cf. Coleman, 501 U.S. at 753-54.  As petitioner neither suggests nor offers evidence sufficient to establish that he is actually innocent of the offense for which he was convicted, see Schlup v. Delo, 513 U.S. 298, 327 (1995); Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999),  claims B, C and D of this petition are procedurally barred from federal consideration on the merits.  See Kornahrens, 66 F.3d at 1359 (4th Cir. 1995) (where no showing is made of cause for a procedural default, a court need not consider the issue of prejudice).

8

### III.  Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication

is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts.  28 U.S.C. § 2254(d).  Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of

each standard.  See Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  A state court

determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to

that reached by [the United States Supreme] Court on a question of law or if the state court

decides a case differently than [the United States Supreme] Court has on a set of materially

indistinguishable facts."  Id. at 413.  Under the "unreasonable application" clause, the writ should

be granted if the federal court finds that the state court "identifies the correct governing legal

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the

facts of the prisoner's case."  Id.  Importantly, this standard of reasonableness is an objective one.

Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court

decision that previously addressed the claims rather than the petitioner's free-standing claims

themselves."  McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139

F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

In the first claim of this federal petition, which was raised and exhausted on direct appeal,

petitioner argues that the evidence was insufficient to sustain his conviction. When petitioner

challenged the sufficiency of the evidence in state court, the Court of Appeals rejected his

argument on the following holding:

> Appellant argues 'the evidence does not prove that [he] constructively possessed the handgun recovered by Officer Beale in a bush.' In fact, Beale's testimony established appellant actually possessed the weapon as he saw appellant withdraw it from his pants and then discard it.
>
> 'A conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony ... requires proof beyond a reasonable doubt of either actual or constructive possession of the firearm.' Hancock v. Commonwealth, 21 Va. App. 466, 468, 465 S.E.2d 138, 140 (1995).
>
> Appellant asserts that because the 'light was very dim,' his 'hand never rose above waist-level,' and appellant 'was intoxicated,' the officer's observations were unreliable. The trial court believed Beale's testimony and rejected appellant's version of the events. 'The credibility of the witnesses and the weight accorded to the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.' Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The records supports the trial court's credibility determination. Beale's testimony demonstrated appellant possessed the weapon. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of possession of a firearm by a convicted felon.

Pendergrass, R. No. 0418-12-1 at 2. Because the foregoing order was the last reasoned state court decision on the claim at issue, its reasoning is imputed to the Supreme Court of Virginia, which refused further appeal. See Ylst, 501 U.S. at 803.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state

courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Moreover, it is not the role of a federal court to review the credibility of witnesses. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Instead, the federal court is bound by credibility determinations made by the state court trier of fact. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In short, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

In this case, petitioner's argument regarding the sufficiency of the evidence is no more than an invitation to this Court to re-weigh the evidence in a manner more favorable to him, a course of action which plainly is prohibited by the foregoing authorities. Specifically, this Court may not revisit the issue of Officer Beale's credibility in this proceeding. Reavis, 48 F.3d at 771. For the reasons expressed by the Court of Appeals, it is apparent that a rational trier of fact could have found Pendergrass guilty of possession of a firearm based on the evidence presented. As petitioner has failed to satisfy his burden of showing that the rejection of his claim by the Virginia Court of Appeals was either an unreasonable determination of the facts or an unreasonable application of federal law, that result must be allowed to stand. Williams, 529 U.S. at 412-13.

11

## V.  Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition for habeas corpus relief will be granted, and the petition will be dismissed with prejudice.  An appropriate Order shall issue.

Entered this ___13th___ day of ___August_____ 2014.

Alexandria, Virginia

_____ /s/ _____

Leonie M. Brinkema
United States District Judge